**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Gail M. Hutto, Debra J. Andrews, Elizabeth W. Hodge, Margaret B. Lineberger, Lynn R. Rogers, Nancy G. Sullivan, Jane P. Terwilliger, Julian W. Walls, and All Others Similarly Situated, Appellants,

v.

South Carolina Retirement System, Police Officers Retirement System, South Carolina Retirement Systems Group Trust, South Carolina Budget & Control Board, and South Carolina Public Employee Benefit Authority, Respondents.

Appellate Case No. 2016-000021

———————

Appeal from Richland County
Tanya A. Gee, Circuit Court Judge

———————

Memorandum Opinion No. 2016-MO-026
Heard June 15, 2016 – Filed August 10, 2016

———————

**AFFIRMED AS MODIFIED**

———————

Richard A. Harpootlian and Christopher P. Kenney, both of Richard A. Harpootlian, P.A., of Columbia; and James M. Griffin and Margaret N. Fox, both of Griffin Davis, of Columbia, for Appellants.

Robert E. Stepp and Tina Cundari, both of Sowell Gray Stepp & Laffitte, L.L.C., of Columbia; and Stephen Van Camp and Justin R. Werner, both of South Carolina Public Employee Benefit Authority, of Columbia, for Respondents.

---

**PER CURIAM:** This is a direct appeal from the trial court's grant of Respondents' motion to dismiss. Appellants alleged an unconstitutional taking arose by virtue of the application of the State Retirement System Preservation and Investment Reform Act[1] (Act 153) to employees who retired and returned to work for employers participating in the South Carolina Retirement System and Police Officers Retirement System (collectively, the Retirement Systems). The trial court's dismissal was based on numerous grounds, including its finding that Appellants failed to identify a constitutionally protected property interest. We affirm as modified pursuant to Rule 220(b)(1), SCACR, and the following authorities and brief analysis:

Even assuming, *arguendo*, Appellants have asserted a sufficient property interest, their claims nevertheless fail on the merits. In all relevant respects, Appellants' interactions with the State and the Retirement Systems were voluntary. Appellants were free to decide for themselves whether to retire and return to work; their employers were likewise free to decide whether to rehire them and, if so, at what salaries. *Grimsley v. S.C. Law Enforcement Div.*, 415 S.C. 33, 39, 780 S.E.2d 897, 900 (2015); *Ahrens v. State*, 392 S.C. 340, 350, 709 S.E.2d 54, 59 (2011). Appellants retired with full knowledge they would be required to contribute to the Retirement Systems in the event they were rehired. They were also keenly aware they would not receive additional service credit by virtue of those contributions, yet Appellants chose to seek reemployment anyway. Given the voluntary nature of Appellants' actions and their having no entitlement to reemployment, much less reemployment under any particular conditions, Appellants have failed to state a claim for an unconstitutional taking. *Cf. Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586, 2594–97 (2013) (discussing the "unconstitutional conditions doctrine" and noting that "[e]xtortionate demands" that burden the exercise of

---

[1] Act No. 153, 2005 S.C. Acts 1697 (codified as amended in scattered sections of titles 8–9 & 30 of the South Carolina Code).

constitutional rights may give rise to a takings claim). Applying Act 153 to Appellants falls far short of the kind of "extortionate demand" that would give rise to an unconstitutional takings claim.

Finally, we reject Appellants' argument they received no benefit for their post-retirement contributions to the Retirement Systems. In addition to being rehired and thus able to both draw a salary and receive retirement benefits,[2] Appellants signed forms acknowledging that, although they would not receive additional service credit, "the contributions w[ould] be credited to [their] account[s] and upon [their] death[s], any remaining contributions that ha[d] not been exhausted through benefit payments w[ould] be paid to [their] beneficiar[ies]."[3] *Cf. Koontz*, 133 S. Ct. at 2597 (recognizing that the Fifth Amendment remedy of just compensation is unavailable if the government has not taken any property).

For these reasons Appellants have failed to state a claim alleging an unconstitutional taking and we affirm as modified the trial court's decision.


**AFFIRMED AS MODIFIED.**

**KITTREDGE, HEARN, FEW, JJ., and Acting Justice James E. Moore, concur. BEATTY, Acting Chief Justice, concurring in result only.**

---

[2] As this Court has recognized, that by itself is "no minor benefit." *Grimsley*, 415 S.C. at 36 n.2, 780 S.E.2d at 898 n.2.

[3] The South Carolina Retirement System member handbook also informed retirees returning to employment they could "be assured of getting back contributions made as a working retiree . . . through either benefit payments to the retiree or benefit payments and/or a refund of contributions to the retiree's surviving beneficiary."